1
2
3
4
5
6
7
8
9

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **SHERRY AHLIN,** ) | **CIV F 07-287 AWI SMS** |
| ) | |
| **Plaintiffs,** ) | **ORDER ON DEFENDANT'S** |
| **v.** ) | **MOTION TO DISMISS** |
| ) | |
| **SOCIAL SECURITY OFFICE,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

   Plaintiff Sherry Ahlin ("Ahlin") is proceeding pro se.  In January 2007, Ahlin filed a complaint in the Fresno County Superior Court against Defendant Social Security Office ("SSA").  SSA removed the case to this Court and has filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Ahlin has filed no opposition or response to the motion to dismiss.  SSA's Rule 12(b)(1) motion will be granted and this case will be dismissed.

## BACKGROUND

   Ahlin's Complaint is on a state form.  See Notice of Removal Exhibit A.  By in large, Ahlin has merely checked boxes and has not elaborated or provided a factual basis for her claims. Id.  Ahlin checked boxes that indicate her complaint is for property damage, personal injury, and punitive damages, all totaling $2 million; there is no claim for injunctive relief.  Id.  Ahlin has checked boxes that indicate she is alleging claims for: (1) medical malpractice, (2) civil rights,

1  (3) defamation, (4) fraud, (5) intellectual property, (6) professional negligence, (7) breach of

2  contract/warranty, (8) eminent domain/inverse condemnation, (9) wrongful eviction, (10)

3  unlawful residential detainer, and (11) RICO, the only certain federal cause of action.  Id.

4

5                                    **DEFENDANT'S MOTION**

6       *Defendant's Argument*

7           SSA argues that this Court lacks jurisdiction.  Because the complaint is so vague, it is

8  assumed that plaintiff is in part challenging conduct as to her social security benefits.  However,

9  the proper defendant for actions seeking review of social security benefit decisions is Michael J.

10 Astrue, the Commissioner of Social Security, not the "Social Security Office."  Even if the

11 proper defendant was named, dismissal would still be appropriate since plaintiff did not exhaust

12 administrative remedies under the Federal Tort Claims Act ("FTCA") and/or the Social Security

13 Act.  Judicial review of decisions involving social security benefits is appropriate only if there

14 has been a final decision by the Commissioner made after a hearing to which the plaintiff was a

15 party.  Similarly, the FTCA requires prior presentment of a claim as a condition precedent to the

16 waiver of the United States's sovereign immunity.  Since there is no indication of exhaustion

17 under the Social Security Act or the FTCA, the Court has no jurisdiction over this lawsuit.[1]

18      *Plaintiff's Opposition*

19          Ahlin has filed no opposition or response of any kind.

20       *Declarations of Dennis Ford and Marlene Heiser*

21          SSA has submitted two declarations in support of its Rule 12(b)(1) motion.  Dennis V.

22 Ford declares, *inter alia*, that he is an employee/agent of the Social Security Administration, one

23 of his functions is to act on requests for review of hearing decisions by the Administrative Law

24 Judges, and he processes claims when a civil action is filed in California.  See Ford Declaration

25

26      _____

27      [1]Also, as to plaintiff's civil rights cause of action, claims that a Social Security Administration employee
    improperly influenced a benefits determination are governed by 42 U.S.C. § 405(g) and there is no *Bivens* remedy
    for constitutional violations that lead to the denial of benefits.

28                                            2

at ¶¶ 1-2.  Ford declares that Ahlin became entitled to Title II benefits in July 1983 and Title XVI

benefits in May 1983 and that she is presently receiving benefits under both Titles.  Id. at ¶ 3.

Ford declares that there "is no indication that [Ahlin] has filed any present appeals with regard to

any issues pertaining to her receipt of benefits."  Id.

     Similarly, Marlene W. Heiser declares that she is an attorney with the Social Security

Administration and she leads a group that intakes, investigates, processes and adjudicates claims

against the Social Security Administration under the FTCA.  See Heiser Declaration at ¶ 1.

Heiser declares that, after searching records, "no administrative tort claim has been filed against

[the Social Security Administration] by Sherry Ahlin."  Id. at ¶¶ 2-3.


## LEGAL STANDARD

### Rule 12(b)(1)

     Rule 12(b)(1) of the Federal Rules of Civil Procedure allows for a motion to dismiss

based on lack of subject matter jurisdiction.  See Fed. R. Civ. Pro. 12(b)(1).  It is a fundamental

precept that federal courts are courts of limited jurisdiction.  Vacek v. UPS, 447 F.3d 1248, 1250

(9th Cir. 2006).  Limits upon federal jurisdiction must not be disregarded or evaded.  Owen

Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978).  The plaintiff has the burden to

establish that subject matter jurisdiction is proper.  Kokkonen v. Guardian Life Ins. Co., 511 U.S.

375, 377 (1994); Vacek, 447 F.3d at 1250; In re Ford Motor Co., 264 F.3d 952, 957 (9th Cir.

2001).  A Rule 12(b)(1) motion may be either facial, where the inquiry is confined to the

allegations in the complaint, or factual, where the court is permitted to look beyond the complaint

to extrinsic evidence.  Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004); Savage v.

Glendale Union High School Dist. No. 205, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).  When a

defendant makes a factual challenge "by presenting affidavits or other evidence properly brought

before the court, the party opposing the motion must furnish affidavits or other evidence

necessary to satisfy its burden of establishing subject matter jurisdiction."  Safe Air For Everyone

v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004); Savage, 343 F.3d at 1039 n.2.  The court need

1   not presume the truthfulness of the plaintiff's allegations under a factual attack.  White v. Lee,

2   227 F.3d 1214, 1242 (9th Cir. 2000).

3         *Social Security Act Claims*

4         The Social Security Act provides for judicial review of agency actions regarding benefits

5   under Title II and Title XVI of the Social Security Act.  42 U.S.C. § 405(g); Subia v. Comm'r of

6   Soc. Sec., 264 F.3d 899, 902 (9th Cir. 2001); McNatt v. Apfel, 201 F.3d 1084, 1087 (9th Cir.

7   2000).  Judicial review of an administrative decision under 42 U.S.C. § 405(g) may be obtained

8   only after (1) the claimant has been party to an administrative hearing held by the Commissioner,

9   and (2) the Commissioner has made a final judgment on the claim.  See McNatt, 201 F.3d at

10   1087; Bass v. Social Sec. Admin., 872 F.2d 832, 833 (9th Cir. 1988).  "A claimant's failure to

11   exhaust the procedures set forth in the Social Security Act, 42 U.S.C. § 405(g), deprives the

12   district court of jurisdiction."  Id.   A final judgment consists of two elements:  the presentment

13   of a claim to the Commissioner and the exhaustion of administrative remedies.  Johnson v.

14   Shalala, 2 F.3d 918, 921 (9th Cir. 1993).  The presentment requirement is jurisdictional and

15   cannot be waived, but the exhaustion requirement is not jurisdictional, and thus, is waivable.  Id.;

16   Briggs v. Sullivan, 886 F.2d 1132, 1138-1139 (9th Cir. 1989); Cassim v. Bowen, 824 F.2d 791,

17   794 (9th Cir. 1987); Hironymous v. Bowen, 800 F.2d 888, 894 (9th Cir. 1986).  The

18   "presentment requirement is satisfied when an individual makes a claim for benefits, and the

19   [Commissioner] determines that the claimant meets the eligibility requirements for those

20   benefits."  Briggs, 886 F. 2d. at 1139.  Presentment can also "be fulfilled by contesting tentative

21   agency determinations."  Cassim, 824 F.2d at 794.  A district court will waive the final decision's

22   exhaustion element "if, and only if, the claimant satisfies a three-part  test: the claim at issue

23   must be (1) collateral to a substantive claim of entitlement (collaterality), (2) colorable in its

24   showing that refusal to the relief sought will cause an injury which retroactive payments cannot

25   remedy (irreparability), and (3) one whose resolution would not serve the purposes of exhaustion

26   (futility)."  Johnson, 2 F.3d at 921; Bass, 872 F.2d at 833; Cassim, 824 F.2d at 795.  A claim is

27   collateral "if it is not essentially a claim for benefits."  Johnson, 2 F.3d at 921.  A claim is

28

colorable if there is a reasonable showing 'of irreparable injury . . . that is not wholly insubstantial, immaterial or frivolous." Id.  "The mere allegation of a substantive due process violation is not sufficient to raise a 'colorable' constitutional claim to provide subject matter jurisdiction." Hoye v. Sullivan, 985 F.2d 990, 992 (9th Cir. 1992).

Further, Bivens actions, i.e. suits against federal actors in their individual capacities for violations of constitutional rights, see Janicki Logging Cov. v. Mateer, 42 F.3d 561, 563 (9th Cir. 1994), cannot be pursued based on the denial of social security benefits.  See Schweiker v. Chiliky, 487 U.S. 412, 423-24 (1987); Apfel v. Butler, 144 F.3d 622, 624 (9th Cir. 1998).  Also, the proper defendant in a 42 U.S.C. § 405(g) suit is the Commissioner of Social Security.  20 C.F.R. § 422.210(d); Elliott v. SSA, 2006 U.S.Dist. LEXIS 90781, *3 (E.D. Mo. 2006); Keesing v. Apfel, 124 F.Supp.2d 134, 135 (N.D. N.Y. 2000); Ostroff v. State of Florid, Dep't of Health & Rehab. Serv., 554 F.Supp. 347, 352 (M.D. Fla. 1983).

### 28 U.S.C. § 2671 et seq. - Federal Tort Claims Act

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1992).  Suits against officials of the United States in their official capacity are also barred in the absence of a waiver.  Sierra Club v. Whitman, 268 F.3d 898, 901 (9th Cir. 2001).  "A court lacks subject matter jurisdiction over a claim against the United States if it has not consented to be sued on that claim." Balser v. DOJ, 327 F.3d 903, 907 (9th Cir. 2003); see Orff v. United States, 358 F.3d 1137, 1142 (9th Cir. 2003).  The scope of any waiver of sovereign immunity is construed strictly in favor of the sovereign.  See Orff, 358 F.3d at 1142; Brady v. United States, 211 F.3d 499, 502 (9th Cir. 2000).  Although subject to a number of statutory exceptions, the FTCA is a limited waiver of sovereign immunity.  See Nurse v. United States, 226 F.3d 996, 1000 (9th Cir. 1996); Graham v. United States, 96 F.3d 446, 448 (9th Cir. 1996).  In order to encourage administrative settlement of claims against the United States and thereby to prevent an unnecessary burdening of the courts, the FTCA requires that plaintiffs file an administrative claim with the appropriate federal agency.  28 U.S.C. § 2675(a); Brady, 211 F.3d at 503; Jerves v. United States, 966 F.2d 517, 520

1   (9th Cir. 1992).  The presentment of an administrative claim is a jurisdictional requirement and

2   the failure to present an administrative claim deprives a court of subject matter jurisdiction.  See

3   McNeil v. United States, 508 U.S. 106, 111-13 (1993); Vacek, 447 F.3d at 1250; Brady, 211 F.3d

4   at 502; Jerves, 966 F.2d at 521.

5        *Discussion*

6        Ahlin's complaint is entirely conclusory and bereft of any facts that support any of the

7   identified causes of action.  Ahlin has not responded to SSA's motion or attempted to describe

8   the bases for her causes of action, and the Court does not know whether Ahlin is seeking to

9   challenge decisions regarding her social security benefits or some other separate conduct, or both.

10  Since Ahlin is suing an agency of the United States, she is required to follow certain

11  administrative processes.  However, there is absolutely no indication that she has filed an

12  administrative complaint as required by the FTCA and there is no indication that the

13  Commissioner of Social Security has made a final decision after a hearing.  The declarations of

14  Ford and Heisler indicate that no administrative processes, either under the 28 U.S.C. § 2675(a)

15  or 42 U.S.C. § 405(g),[2] have occurred.  The burden of establishing subject matter jurisdiction is

16  on Ahlin, and since she has not responded or produced contrary evidence, she has failed to meet

17  her burden and failed to show exhaustion of administrative remedies.  Thus, this Court lacks

18  subject matter jurisdiction over this case and dismissal is appropriate.

19       Generally, dismissal of a case due to a lack of subject matter jurisdiction is without

20  prejudice and with leave to amend.  See Tosco Corp. v. Communities For A Better Env't, 236

21  F.3d 495, 499 (9th Cir. 2001); Frigard v. United States, 862 F.2d 201, 204 (9th Cir. 1988).  Here,

22  however, the evidence shows that Ahlin has not yet followed the necessary, jurisdictional

23  administrative procedures.  That is, her lawsuit appears to be premature.  Cf. Brady, 211 F.3d at

24  502-03.  Thus, leave to amend would be futile and dismissal will be without leave to amend.  Cf.

25  Tosco, 236 F.3d at 499; Frigard, 862 F.2d at 204.

26

27       [2]To the extent Ahlin is trying to sue under 42 U.S.C. § 405(g), she has named the wrong defendant.  See
    Keesing , 124 F.Supp.2d at 135.

28

1
## CONCLUSION

2     Ahlin has filed suit against the "Social Security Office," which is an agency of the United

3 States.  Ahlin's complaint contains no factual bases for her claims and it is unclear if she is

4 challenging a decision regarding social security benefits or other conduct.  In either event, Ahlin

5 was required to follow administrative proceedings either under 28 U.S.C. § 2675(a) or 42 U.S.C.

6 § 405(g).  Ahlin  failed to respond and thus, has failed to meet her burden.  Her failure to exhaust

7 appropriate administrative remedies deprives this Court of subject matter jurisdiction.  Since the

8 evidence indicates that Ahlin has yet to exhaust the administrative remedies, dismissal will be

9 without leave to amend.  SSA's Rule 12(b)(6) motion is denied as moot.[3]

10

11     Accordingly, IT IS HEREBY ORDERED that:

12 1.     Defendant's Rule 12(b)(1) is GRANTED and this case is DISMISSED without leave to

13        amend;

14 2.     Defendant's Rule 12(b)(6) motion is DENIED as moot; and

15 3.     The Clerk is ordered to close this case.

16

17 IT IS SO ORDERED.

18 **Dated:    May 2, 2007             /s/ Anthony W. Ishii**
                                       UNITED STATES DISTRICT JUDGE

19

20

21

22

23 ─────────────────

24 [3]In a reply memorandum, SSA states that since it relied on outside evidence, its Rule 12(b)(6) motion is to be treated as a motion for summary judgment and that judgment should be entered its favor.  The Court disagrees.
25 First, a Rule 12(b)(1) motion challenging this Court's jurisdiction has been sustained and amendment will not be allowed.  Second, the Court reviewed the evidence submitted by SSA only as part of a Rule 12(b)(1) factual attack analysis.  See Savage, 343 F.3d at 1039 n.2.  Third, the Court did not conduct a Rule 12(b)(6) analysis and thus, did
26 not convert the motion into one for summary judgment.  See Swedberg v. Marotzke, 339 F.3d 1139, 1146 (9th Cir. 2003).  Fourth, the motion was only one for dismissal and was not one for summary judgment.  See Court's Docket
27 Doc. No. 4-1.  Finally, no notice was given to Ahlin that the motion would be converted into a Rule 56 motion.  See Lucas v. Department of Corrections, 66 F.3d 245, 248 (9th Cir. 1995).  Summary judgment will not be granted.

28